Honorable Chet Brooks Chairman Health and Human Services Committee Texas State Senate P.O. Box 12068 Austin, Texas 78711
Re: Inclusion of fringe benefits in calculating the prevailing wage under article 5159a, V.T.C.S. (RQ-1857)
Dear Senator Brooks:
You ask whether article 5159a, V.T.C.S., requires the inclusion of fringe benefits in the calculation of the prevailing wage. That article governs the payment of wages for the construction of public works on behalf of the state or its various political subdivisions. Section 1 provides in part:
 Not less than the general prevailing rate of per diem wages for work of a similar character in the locality in which the work is performed, and not less than the general prevailing rate of per diem wages for legal holiday and overtime work, shall be paid to all laborers, workmen and mechanics employed by or on behalf of the State of Texas, or by or on behalf of any county, city and county, city, town, district or other political subdivision of the State, or any officer or public body thereof, shall be deemed to be employed upon public works. . . .
Section 4 of the article provides in part:
 The term `general prevailing rate of per diem wages' shall be the rate determined upon as such rate by the public body awarding the contract, or authorizing the work, whose decision in the matter shall be final.
 In Attorney General Opinion H-350 (1974) this office was asked about the permissibility of including fringe benefits in the calculation of the prevailing wage. That opinion noted that a governing body's determination fixing the prevailing wage rate was final and not judicially reviewable. See Texas Highway Comm'n v. El Paso Bldg. Constr. Trades Council, 234 S.W.2d 857 (Tex. 1950). The opinion concluded that a public body had discretion under the statute to consider fringe benefits in determining a prevailing wage rate.
You ask us to modify the holding of Attorney General Opinion H-350 and to construe the statute to require the inclusion of the value of fringe benefits in the determination of the prevailing wage rate. You tell us that this request is prompted by the current practice of the University of Texas System to no longer include fringe benefits in its wage table calculations for its construction contracts in given localities.
In its response to your request, the University of Texas System indicates that in those areas where union contractors represented the prevailing work force in a given locality, its wage tables included fringe benefits, because the payment of fringe benefits is not prevailing practice in those areas. In those areas where open-shop work represents the prevailing work force, we understand that the University System's wage tables do not include fringe benefits. Thus, the University System's wage tables appear to reflect the prevailing practice in a given locality.[1] Consequently, your question does not accurately describe the practice as described by the University of Texas System.
In our opinion, the inclusion of the value of fringe benefits in a governmental body's determination of the prevailing wage must be a matter for the governmental body. If the entity determines that wages in a given locality for similar work typically include fringe benefits, that factor should be considered in the calculation. It would be inconsistent, in our opinion, to read the statute as requiring the inclusion of fringe benefits when the prevailing practice in the locality is otherwise. As indicated in the brief filed by the University of Texas System, the inclusion of fringe benefits in such a locality would compel the contracting authority to pay wages at a rate that is higher than the prevailing rate.
We note that several attempts to amend article 5159a to expressly include fringe benefits have been unsuccessful.[2] While this fact alone does not preclude an interpretation that fringe benefits are mandated by the current language, it supports this office's earlier reading of the statute in Attorney General Opinion H-350. We are not persuaded that the University of Texas System's method of determining the prevailing wage for a given locality is inconsistent with article 5159a. Therefore, we decline to modify Attorney General Opinion H-350. In our opinion, a governing body is not required by article 5159a to include the value of fringe benefits in its calculation of the prevailing wage in a given locality. It is proper for the governing body to include the value of fringe benefits in its calculation if it determines that payment of fringe benefits is the prevailing practice in the locality.
 SUMMARY
A governing body is not required by article 5159a, V.T.C.S., to include the value of fringe benefits in its calculation of the prevailing wage in a given locality.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Renea Hicks Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Karen C. Gladney Assistant Attorney General
[1] We accept the University System's description as accurate, because this is a factual matter not appropriately determined in the opinion process.
[2] Legislation introduced in the 63rd, 64th, and 68th Legislative Sessions would have amended article 5159a to include fringe benefits in the rate of pay calculated under that article. None of these amendments was adopted, however. See S.B. 329, 63d Leg. (1973); H.B. 936, 63d Leg. (1973); S.B. 804, 64th Leg. (1975); S.B. 1259 64th Leg. (1975); S.B. 950, 68th Leg. (1983); H.B. 1399, 68th Leg. (1983).